# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DERWIN DEWAYNE JONES,**

        **Petitioner,**

        **v.**                                          **Case No. 20-CV-514**

**WARDEN GARY BOUGHTON,**

        **Respondent.**

## RECOMMENDATION THAT THE PETITION FOR A WRIT OF HABEAS CORPUS BE DISMISSED

Derwin Dewayne Jones, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Jones was convicted on December 9, 1999. (ECF No. 1 at 2.) This is his fourth federal habeas petition regarding that same conviction. The first was denied in 2008 by Magistrate Judge Patricia Gorence. *Jones v. Smith*, No. 05-CV-304, 2008 U.S. Dist. LEXIS

121150 (E.D. Wis. Mar. 26, 2008). Judge J.P. Stadtmueller dismissed Jones's second petition in 2010 for lack of jurisdiction, noting that it was a prohibited second or successive petition. *Jones v. Smith*, 10-cv-00260-JPS (E.D. Wis.). In doing so, Judge Stadtmueller noted that "Jones was clearly lying when he check[ed] 'No' in response to the above question on the § 2254 form. Jones is hereby put on notice that such dishonesty is sanctionable." *Id.*, ECF No. 12 (citing *Yancey v. Milwaukee Cty. Sheriff*, No. 10-CV-42, 2010 WL 446083 (E.D. Wis. Feb. 2, 2010)).

Undeterred, Jones filed a third petition, which was assigned to Judge Lynn Adelman. *Jones v. Kemper*, 13-cv-01405-LA (E.D. Wis.). But that time he omitted the pages of the habeas petition form where he was asked about his prior challenges. *Id.*, ECF No. 1. Nevertheless, Judge Adelman recognized that this was Jones's third petition and likewise dismissed it. *Id.*, ECF No. 9.

In what is now Jones's fourth petition he has again falsely stated "under penalty of perjury" that he has not "previously filed any type of petition, application, or motion in a federal court regarding the state conviction that you are challenging in this petition." (ECF No. 1 at 9.) As Judge Stadtmueller explicitly warned him, this is conduct for which sanctions may be appropriate.

For present purposes it is sufficient to note that there is no indication that Jones complied with 28 U.S.C. § 2244(b)(3), which requires a petitioner to seek and obtain authorization from the Seventh Circuit Court of Appeals before filing a second or

2

successive petition in the district court. *See also* Seventh Cir. R. 22.2. Because Jones failed to comply with this procedure, this action must be dismissed. *United States ex rel.Rickard v. Roth*, 108 F. Supp. 2d 1017, 1022 (N.D. Ill. 2000) ("[T]he Seventh Circuit's directive is clear; because § 2243(b)(3)(A) vests subject matter jurisdiction in the court of appeals, the district court must dismiss any second or successive petition.").

**IT IS THEREFORE RECOMMENDED** that Jones's petition and this action be **dismissed** as a second or successive petition.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 2nd day of April, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge