DERWIN DEWAYNE JONES,

    Petitioner,

v.

                              Case No. 20-cv-514-pp

PAUL KEMPER,[1]

    Respondent.

**ORDER OVERRULING PETITIONER'S OBJECTIONS (DKT. NO. 6), ADOPTING JUDGE DUFFIN'S RECOMMENDATION (DKT. NO. 4), DISMISSING PETITION AS SECOND OR SUCCESSIVE (DKT. NO. 1) DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

On March 31, 2020, the petitioner, who is incarcerated at Racine Correctional Institution and is representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 1999 conviction in Kenosha County Circuit Court for first-degree sexual assault with the use of a dangerous weapon. Dkt. No. 1; State v. Jones, Kenosha County Case No. 98CF001184 (available at https://wcca.wicourts.gov). On April 2, 2020, Magistrate Judge William Duffin screened the petition under Rule 4 of the Rules Governing Section 2254 Cases and recommended that the court dismiss the petition as second or successive. Dkt. No. 4. A week later, the court received from the petitioner objections to that recommendation. Dkt. No. 6.

---

[1] Under Rule 2 of the Rules Governing Section 2254 Cases, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The petitioner is an inmate at Racine Correctional Institution. Dkt. No. 8. This order reflects Warden Paul Kemper as the respondent.

Judge Duffin did not commit clear error in recommending that the court dismiss the petition. This order overrules the petitioner's objections, adopts Judge Duffin's recommendation, dismisses the petition as an unauthorized second or successive petition and declines to issue a certificate of appealability.

**I.     Background**

   A.     Underlying State Case

The petition references State v. Jones, Kenosha County Case No. 98CF001184 (available at https://wcca.wicourts.gov). Dkt. No. 1 at 2. According to the publicly available docket for that case, the State filed a criminal complaint on December 3, 1998. State v. Jones, Kenosha County Case No. 98CF001184 (available at https://wcca.wicourts.gov). On December 8, 1999, a Kenosha County jury found the petitioner guilty of first-degree sexual assault with the use of a dangerous weapon. Id.

   B.     Prior Federal *Habeas* Petitions

The petitioner does not object to Judge Duffin's recitation of the facts of the petitioner's prior federal court proceedings, and this court adopts them. A Kenosha County jury found the petitioner guilty in December of 1999. Dkt. No. 4 at 1. In 2008, Magistrate Judge Patricia Gorence denied the petitioner's first federal *habeas* petition challenging that conviction. Id. (citing Jones v. Smith, No. 05-cv-304, 2008 WL 820145 (E.D. Wis. Mar. 26, 2008)). In 2010, Judge J.P. Stadtmueller dismissed for lack of jurisdiction the petitioner's second *habeas* petition challenging the 1999 conviction, concluding that it was an unauthorized second or successive petition. Id. at 2 (citing Jones v. Smith,

Case No. 10-cv-260 (E.D. Wis.), Dkt. No. 12). Judge Stadtmueller stated that the petitioner "was clearly lying" on the form petition when he indicated that he had not previously filed a petition challenging the same conviction. Id. (citing Case No. 10-cv-260 (E.D. Wis.), Dkt. No. 12 at 2). Judge Stadtmueller cautioned that "such dishonesty is sanctionable." Id. at 2 (citing Case No. 10-cv-260 (E.D. Wis.), Dkt. No. 12 at 2). In 2014, Judge Lynn Adelman dismissed the petitioner's third *habeas* petition challenging the same 1999 conviction. Id. (citing Jones v. Kemper, Case No. 13-cv-1405 (E.D. Wis.), Dkt. No. 9). In filing that petition, the petitioner "omitted the pages of the habeas petition form where he was asked about his prior challenges." Id. (citing Case No. 13-cv-1405 (E.D. Wis.), Dkt. No. 1).

    C.    Current Federal *Habeas* Petition (Dkt. No. 1)

On March 31, 2020, the petitioner filed the current *habeas* petition. Dkt. No. 1. The petition asserts that the circuit court violated the petitioner's right to due process by relying on inaccurate information at his sentencing. Id. at 6. In the section of the form asking whether the petitioner had "previously filed any type of petition, application, or motion in a federal court regarding the state conviction that [he is] challenging in this petition," the petitioner marked "No." Id. at 9.

    D.    Report and Recommendation (Dkt. No. 4)

On April 2, 2020, Judge Duffin screened the petition under Rule 4 of the Rules Governing Section 2254 Cases and recommended that this court dismiss it. Dkt. No. 4. Noting the petitioner's three prior challenges to the underlying

3

conviction, Judge Duffin concluded that the petition was an unauthorized successive petition. Id. at 1-2. Judge Duffin stressed that in Case No. 10-cv-260, Judge Stadtmueller had dismissed the second petition as second or successive, found that the petitioner had lied about his prior challenge and warned the petitioner that dishonesty with the court was sanctionable. Id. at 2. Observing that in the petitioner's current (fourth) petition, the petitioner "again falsely stated 'under penalty of perjury' that he ha[d] not 'previously filed any type of petition, application, or motion in a federal court regarding the state conviction that [he is] challenging in this petition,'" Judge Duffin remarked that "sanctions may be appropriate." Id. Judge Duffin concluded that the court must dismiss the petition, because there was no evidence that the petitioner had sought or obtained authorization from the Seventh Circuit Court of Appeals before filing it. Id. at 2-3.

    E.    <u>Petitioner's Objections (Dkt. No. 6)</u>

On April 9, 2020, the court received from the petitioner written objections to Judge Duffin's recommendation. Dkt. No. 6. The petitioner states that although Judge Duffin correctly concluded that the petitioner previously filed a successive petition, "no Wisconsin State Court has never address or ruled on the issue in his petition or on the finding in his records." Id. at 1. Much of the objection argues the facts regarding the state court proceedings. Id. at 1-2. The petitioner contends that "[i]n the interest of justice this court must review the record and make a decision on the merits of the issues and not how many times [he has] submitted a petition." Id. at 2. The petitioner says

4

that he "did not intentionally lie in his petition;" he asserts that he "clearly misunderstood the question," and that he "misinterpreted the question as asking has he ever facilitated a third petition to attain relief on the grounds of the court facilitated inaccurate information to consider sentence." Id. The petitioner also asserts that he "is only appealing the decision through a writ of habeas corpus that was decided by the lower court on November 19, 2019 and the Supreme Court on March 17, 2020." Id. The petitioner says that he "has a due process right to appeal any decision by the court if a decision is rendered regardless of how many times that decision is rendered." Id.

## II. Analysis

Under Rule 12 of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure apply in *habeas* cases. Rule 72(b)(1) allows a district court to refer a case to a magistrate judge, who then "conduct[s] the required proceedings," and "enter[s] a recommended disposition." Fed. R. Civ. P. 72(b)(1). A dissatisfied party has fourteen days from the date the magistrate judge issues the recommendation to file "specific written objections." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which an objection is made"). The petitioner must specify "each issue for which review is sought," but need not specify "the factual or legal basis of the objection." Johnson v. Zema Sys. Corp., 170 F.3d 734, 741 (7th Cir. 1999). The district court must conduct a *de novo* review "only of those portions of the magistrate judge's disposition to which specific

5

written objection is made." Id. at 739. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Id. (citations omitted). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Wees v. Samsung Heavy Indus. Co. Ltd., 126 F.3d 925, 943 (7th Cir. 1997).

Judge Duffin correctly determined that because this is the petitioner's *fourth* petition and thus a successive petition, and because the petitioner did not obtain permission from the Seventh Circuit before filing it, the court must dismiss it. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") says that a federal district court is not "required to entertain an application for a writ of habeas corpus to enquire into the detention of a person pursuant to a judgment" of a prior court if the legality of that judgment already has been determined on a prior writ of *habeas corpus*. 28 U.S.C. §2244(a). AEDPA requires petitioners who wish to file a "second or successive" federal *habeas* petition to first obtain authorization from the federal court of appeals before filing the petition in the district court. 28 U.S.C. §2244(b)(3)(A). "Section 2244(b)(3)(A) 'is an allocation of subject matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing.'" In re Page, 170 F.3d 659, 661 (7th Cir. 1999) (quoting Nuñez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in Page)).

6

As the Seventh Circuit has explained, not every petition that a petitioner previously filed constitutes a prior application for the purposes of §2244(b). Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003). The Seventh Circuit does not count "previous petitions that were dismissed for technical or procedural deficiencies that the petitioner can cure before refiling." Id. Such petitions include those "dismissed because the petitioner filed in the wrong district," id. (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999)), those in which the petitioner failed to pay the filing fee, id. (citing Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996)), and those dismissed as premature, id. (citing Slack v. McDaniel, 529 U.S. 473, 485-86 (2000)). But prior petitions dismissed as untimely "or that have been denied based on a procedural default . . . do count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment." Id. (citing In re Cook, 215 F.3d 606, 608 (6th Cir. 2000)).

Judge Gorence denied on the merits the petitioner's first federal *habeas* petition challenging his 1999 conviction for first-degree sexual assault with the use of a dangerous weapon. Jones v. Smith, No. 05-cv-304, 2008 WL 820145 (E.D. Wis. Mar. 26, 2008)). In the language of §2244(a), she determined the legality of the petitioner's detention pursuant to the state court's judgment. That means that when the petitioner filed *another* petition challenging that same conviction, the court would have had jurisdiction to consider it only if the petitioner first had gotten permission from the Seventh Circuit to file it. He did not, so Judge Stadtmueller dismissed the second *habeas* petition challenging

7

the 1999 conviction for lack of jurisdiction. Jones v. Smith, Case No. 10-cv-260 (E.D. Wis.), Dkt. No. 12. Judge Adelman dismissed the third *habeas* petition challenging the same 1999 conviction, for the same reason. Jones v. Kemper, Case No. 13-cv-1405 (E.D. Wis.), Dkt. No 9.

The court understands that the petitioner feels like there is some aspect of the 1999 conviction that has not been considered on federal *habeas* review. He does not explain why he did not raise that issue (his claim that he was sentenced on inaccurate information) in the petition he filed in 2005. If he has a good reason for not raising the issue in the 2005 petition, he should present that reason *to the Seventh Circuit Court of Appeals*. He may ask the Seventh Circuit to give him permission to file a successive petition raising the issue that he says no court ever has considered. But this court does not have the authority to rule on this successive petition. "Jurisdiction" is a federal court's authority to decide a case or controversy. If a court does not have jurisdiction, it cannot decide a case or controversy—even if the issue never has been decided before, even if the petitioner has a good reason for making the argument, even if justice demands that something be done. Because the petitioner did not get permission from the Seventh Circuit to file this fourth petition, this court cannot rule on it. It has no authority to do so.

As for the petitioner's assertion that he did not lie about having filed previous petitions, the petitioner's statement that he "misinterpreted" the question, or "misunderstood" it, defies belief. Page 9 of the petition form has a section titled "PRIOR FEDERAL CHALLENGES." Dkt. No. 1 at 9. It asks, "Have

8

you previously filed any type of petition, application, or motion in a federal court regarding the state conviction that you are challenging in this petition?" Id. It refers to "any" type of petition, application or motion, and it specifically refers to the "state conviction" being challenged. The question does not ask whether the petitioner ever filed a prior petition about whether the court sentenced him on inaccurate information. It asks whether the petitioner has ever filed a petition challenging the *conviction*—period. The petitioner's answer of "no" is untruthful. He is abusing the judicial system and lying about it.

If the petitioner truly believes that he has a legal, valid reason for filing a successive petition, he should explain that reason to the Seventh Circuit and get that court's permission to file a successive petition. If he files another petition in this court without authorization from the Seventh Circuit, he will be subject to sanctions. These sanctions may include money penalties or an order barring him from filing future cases in this court.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petitioner should have been resolved in a different manner or that the issues presented were adequate to deserve

9

encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because reasonable jurists could not debate that the petition is a successive petition and that the petitioner filed it without obtaining authorization from the Seventh Circuit Court of Appeals.

**IV. Conclusion**

The court **OVERRULES** the petitioner objections. Dkt. No. 6.

The court **ADOPTS** Judge Duffin's recommendation. Dkt. No. 4.

The **ORDERS** that the petition for writ of *habeas corpus* is **DISMISSED** as successive. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 26th day of April, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**